HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANIL RIJAL,

    Plaintiff,

    v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,

    Defendant.

CASE NO. C10-709RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the parties' cross-motions for summary judgment. Dkt. ## 17, 18. No party requested oral argument. As the court's review is limited to the administrative record, the court finds oral argument unnecessary. For the reasons stated below, the court GRANTS Defendant's motion, DENIES Plaintiff's motion, DISMISSES this action, and directs the clerk to enter judgment for Defendant.

## II. BACKGROUND

Plaintiff Anil Rijal is a citizen of Nepal. He entered the United States on a visitor visa in May 2005. While lawfully in the United States in October 2005, he submitted an I-140 Immigrant Petition for Alien Worker application to the Defendant, United States Citizenship and Immigration Services ("USCIS"). In that application, he sought a visa available only to aliens of "extraordinary ability." As the court will soon discuss, an "extraordinary ability" visa comes with substantial benefits.

ORDER – 1

Mr. Rijal claims extraordinary ability as a producer of film and television programming. The record establishes that Mr. Rijal has had a long and distinguished career in that field. He has worked as a cameraman, director, and producer since at least the mid 1980s. His efforts helped establish the television industry in Nepal, and he remained active in that endeavor at least until his entry into the United States in 2005. He has been involved in the development of Young Asia TV, a television network that now reaches millions of people. He has produced numerous documentaries. Two of them: *Kumari – The Living Goddess* and *Four Years in Hell* were awarded prizes, and are recognized even today as important works. There is no dispute that Mr. Rijal has achieved substantial success over nearly three decades of work in the television and film industry. To be an "alien of extraordinary ability," however, there is also no dispute that merely achieving success is insufficient.

Section 203 of the Immigration and Nationality Act assigns aliens of "extraordinary ability" the highest priority among employment-based visa applicants. 8 U.S.C. § 1153(b)(1)(A). In addition to statutory visa priority, an alien of "extraordinary ability" does not need a job offer from a United States employer. *Kazarian v. USCIS*, 596 F.3d 1115, 1120 (9th Cir. 2010).

The INA does not define "extraordinary ability." Abilities in the "sciences, arts, education, business, or athletics" qualify. 8 U.S.C. § 1153(b)(1)(A)(i). "Sustained national or international acclaim" is a hallmark of extraordinary ability, as are achievements that "have been recognized in the field through extensive documentation." *Id.* Federal regulations explain that "extraordinary ability" is "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2).

An alien seeking to prove his or her extraordinary ability must meet one of two threshold evidentiary burdens. First, the alien can rely on evidence of "a one-time

ORDER – 2

achievement (that is, a major, international recognized award)." 8 C.F.R. § 204.5(h)(3).

Alternatively, an alien can provide at least three of the following types of evidence:

> (i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;
>
> (ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;
>
> (iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;
>
> (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;
>
> (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;
>
> (vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;
>
> (vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;
>
> (viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;
>
> (ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or
>
> (x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

*Id.* If an alien satisfies this initial evidentiary burden, the USCIS must then consider whether the evidence demonstrates extraordinary ability. *Kazarian*, 596 F.3d at 1119-20. Only where the evidence demonstrates "sustained national or international acclaim" is the alien eligible for the "extraordinary ability" designation. *Id.* at 1120 (quoting 8 U.S.C.

ORDER – 3

§ 1153(b)(1)(A)(i)).  By design, the "extraordinary ability" designation is "extremely restrictive."  *Id.* (quoting *Lee v. Ziglar*, 237 F. Supp.2d 914, 918 (N.D. Ill. 2002)).[1]

Mr. Rijal began his quest to prove his extraordinary ability in response to a request for evidence from USCIS in August 2006.  Administrative Record ("AR") (Dkt. # 13) at 740-43.  He responded to that request with a variety of evidence, which the court will address in more detail later.

USCIS first denied his petition in March 2007 (AR 460-63) and again in June 2007 (AR 441-44).  Mr. Rijal sought review of that decision in USCIS's Administrative Appeals Office ("AAO").  AR 437.  He submitted additional evidence in support of his petition in December 2007.

The AAO denied Mr. Rijal's appeal on May 28, 2009.  AR 165-74.  Mr. Rijal filed motions to reopen and reconsider in June 2009.  The AAO denied both motions on March 25, 2010.  AR 18-20.

Mr. Rijal contends that both the May 2009 and March 2010 decisions violate applicable law.  He asks the court to vacate those decisions, and direct the USCIS to declare him an alien of extraordinary ability.  The parties have filed cross-motions for summary judgment, to which the court now turns.

### III.  ANALYSIS

Mr. Rijal relies on the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, as the basis for challenging USCIS's denial of his application.  The APA does not permit plenary review of an agency decision.  With certain exceptions not applicable here, the court can set aside agency action only if it is "arbitrary, capricious, an abuse of

---

[1] Perhaps because the "extraordinary ability" visa is so restricted, there is little precedent to guide the courts.  The Ninth Circuit's decision in *Kazarian* is the sole appellate authority on the subject.  Federal district courts have occasionally grappled with the subject, as have the administrative tribunals of the USCIS and its predecessors.  *Kazarian*, 596 F.3d at 1120-21 (reviewing decisions).  Mr. Rijal has cited selected reports of successful applicants.  The court declines to discuss these examples in detail.  They reveal that the "extraordinary ability" visa is extraordinarily difficult to obtain, and that the task of determining whether an alien has "extraordinary ability" (as opposed to a lesser level of distinction) is also difficult.

ORDER – 4

discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard is deferential to the agency. It is not enough that the court would have come to a different conclusion than the agency. *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 841 (9th Cir. 2003). Instead, the court reviews the agency's decision to determine if it "considered the relevant factors and articulated a rational connection between the facts found and the choice made." *Id.* The court's review is limited to the administrative record. *Id.* ("[T]he basis for the agency's decision must come from the record.").

The parties have chosen to rely on summary judgment motions. On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999). Because the court typically makes no finding of fact in determining if an agency's decision is arbitrary or capricious, APA disputes are usually amenable to resolution by summary judgment.

**A.  The USCIS Did Not Act Arbitrarily and Capriciously in Concluding that Mr. Rijal Lacked a Qualifying "One-Time Achievement."**

Mr. Rijal has won two awards that he contends are "one-time achievements" that demonstrate his extraordinary ability. In 1997, his documentary *Kumari: The Living Goddess* won the grand prize at the New York International Children's Film Festival. In

ORDER – 5

2001, another of his documentaries, *Four Years in Hell*, won the UNICEF Prize, one of the awards distributed as part of the Japan Prize Contest.  In addition to evidence that he won the awards, Mr. Rijal submitted statements from people in the industry addressing the prestige associated with each award.  He also attached press clippings indicating that each award received some media attention.

In its May 2009 decision, USCIS concluded that neither award qualified as a one-time achievement within the meaning of its regulations.

> The petitioner submitted no documentation to establish that the Japan Prize is reported in the top international media.  While the petitioner submitted copies of news articles regarding the Japan Prize competition, the news coverage appears to be of a local or national nature.  The record does not reflect that the Japan Prize or the UNICEF Prize is one recognized by the general public.

May 2009 Dec. at 5.[2]

> The record does not . . . support [the] assertion that the Grand Prize at the NYIFF is a major, internationally recognized award.  The petitioner submitted no announcement of the winners in international news or any other documentation that the NYICFF is other [sic] familiar to the general public such as with the Nobel Prizes or the Oscars.

*Id.* at 6.  USCIS found that the additional evidence Mr. Rijal submitted to demonstrate the import of the awards was insufficient.

The parties' disputes about Mr. Rijal's awards amount to a debate over what constitutes a "major" international award.  This is a debate that neither party can hope to win.  Common experience draws no line of demarcation between those awards that are "major" and those that are not.  The applicable law in this case draws no clearer line, other than to establish that some awards are "major, international recognized award[s]" and others are "lesser nationally or internationally recognized prizes or awards".  8 C.F.R. § 204.5(h)(3) & (3)(i).  Nothing in either the INA or the regulations implementing

---

[2] One page of USCIS's May 2009 decision is missing from the administrative record.  The parties note that Mr. Rijal filed a complete copy of the decision. Dkt. # 5-13.  The court's citations to the decision rely on the document's internal page numbers.

ORDER – 6

it explains how USCIS or a reviewing court is to differentiate between "major" and lesser awards. In legislative history, Congress named the Nobel Prize as its sole example of a major, internationally recognized award that would by itself demonstrate "extraordinary ability." *Kazarian*, 596 F.3d at 1119 (citing 1990 U.S.C.C.A.N. 6710, 6739). No one suggests that an alien must win a Nobel Prize to qualify, and no one suggests that Mr. Rijal's awards are on par with a Nobel Prize. What awards less prestigious and recognized than the Nobel Prize qualify as major, international awards is a question that the law does not answer. There is little question, moreover, that Congress felt it unnecessary and perhaps inadvisable to define "major" in this context. It entrusted that decision to the administrative process.

Turning to that process, the court looks for evidence that USCIS considered the relevant factors and articulated a rational connection between the facts it found and the choice it made. USCIS explicitly considered the awards and all of the evidence Mr. Rijal submitted to support his claim that they were major, international awards. USCIS articulated a rational connection between those facts and its conclusion that his awards were not "major." May 2009 Dec. at 5-6. Another adjudicator might have come to a different conclusion, but that is irrelevant. Unless the court can conclude that no rational adjudicator would have come to that conclusion, the USCIS did not act arbitrarily and capriciously.

**B.     The USCIS Erred in Its Determination That Mr. Rijal Had Not Satisfied Any of the Alternate Evidentiary Criteria.**

Mr. Rijal asserts that he satisfies five of the ten criteria listed at 8 C.F.R. § 204.5(h)(3). They are: receipt of "lesser nationally or internationally recognized prizes or awards" (§ 204.5(h)(3)(i)), participation as a judge of the work of others in the field (§ 204.5(h)(3)(iv)), "contributions of major significance in the field" (§ 204.5(h)(3)(v)), "display of the alien's work . . . at artistic exhibitions or showcases" (§ 204.5(h)(3)(vii)), and "perform[ing] in a leading or critical role for organizations or establishments that

ORDER – 7

have a distinguished reputation" (§ 204.5(h)(3)(viii)).  Analyzing each criterion separately, USCIS concluded that Mr. Rijal had not made the requisite showing as to any of them.  May 2009 Dec. at 6-11.  Mr. Rijal takes issue with each of those conclusions.

Before considering the criteria, the court reiterates that satisfying three of them is merely an evidentiary threshold for an alien seeking to prove extraordinary ability.  Once he or she has done so, USCIS can proceed to the ultimate inquiry.

> If a petitioner has submitted the requisite evidence, USCIS determines whether the evidence demonstrates both a "level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the[ir] field of endeavor," 8 C.F.R. § 204.5(h)(2), and "that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise."  8 C.F.R. § 204.5(h)(3).

*Kazarian*, 596 F.3d at 1119-20 (citations and alterations in *Kazarian*).  Both Mr. Rijal and the USCIS often seem to assume that satisfying three criteria is the end of the "extraordinary ability" inquiry.  They are mistaken.  *Id.* at 1121 (noting that "whether petitioner has provided at least three types of evidence" is merely an "antecedent procedural question").

That mistake is repeated throughout the USCIS's May 2009 decision.  For example, the USCIS concluded that that UNICEF prize was an "internationally recognized award of excellence in the petitioner's field."  AR at 117.  Nonetheless, USCIS ruled that Mr. Rijal had not provided "[d]ocumentation of [his] receipt of lesser nationally or internationally recognized prizes or awards for excellence in [his] field of endeavor," 8 C.F.R. § 204.5(h)(3)(i), because, in its view, "[a] single prize, awarded four years prior . . ., does not provide evidence of the petitioner's sustained acclaim and is not sufficient to establish that he meets this criterion."  This was an error.  *The evidentiary criterion* does not require that the "lesser" prize demonstrate sustained acclaim.  It merely requires the receipt of the prize, a showing that USCIS concedes that Mr. Rijal made.  The inquiry into sustained acclaim is part of the "final merits determination" of whether

ORDER – 8

the evidence demonstrates extraordinary ability. *Kazarian*, 596 F.3d at 1121. The USCIS may not conclude that evidence does not satisfy an evidentiary criterion by looking beyond that criterion to the final merits determination. *Id.* (finding error in conclusion that without evidence of other scholars' citation to petitioner's scholarly works, petitioner had not satisfied evidentiary criterion at 8 C.F.R. § 204.5(h)(3)(vi)).

The USCIS repeatedly heightened the evidentiary threshold. Whereas 8 C.F.R. § 204.5(h)(3)(iii) requires only "[p]ublished material about the alien in professional or major trade publications," USCIS erroneously stated that Mr. Rijal did not satisfy this criterion because the publications he submitted only referred to his work during a limited period of time. May 2009 Dec. at 7. The fourth criterion requires only "[e]vidence of the alien's participation . . . as a judge of the work of others in the same or an allied field," 8 C.F.R. § 204.5(h)(3)(iv), but USCIS wrongly discounted Mr. Rijal's evidence in part because USCIS "interpret[ed] this regulation to require that the selection and participation process for serving as the judge of the work of others in the field be indicative of national or international acclaim in the field." May 2009 Dec. at 8. The seventh criterion asks for "[e]vidence of the display of the alien's work in the field at artistic exhibitions or showcases." 8 C.F.R. § 204.5(h)(3)(viii). Mr. Rijal satisfied the criterion by providing evidence that his work had been displayed at numerous competitions and festivals. USCIS erred by insisting that he show that his work "was featured more prominently than others in the competitions or that his work was the main focus of the competitions or festivals." May 2009 Dec. at 9.

USCIS erred by heightening the evidentiary requirements as to at least four of the evidentiary criteria. The court need not decide whether, in light of those errors, Mr. Rijal succeeded in establishing at least three of the ten criteria. The court assumes, for purposes of this order, that Mr. Rijal met his threshold evidentiary burden. The question now before the court is whether the USCIS's errors mean that it acted arbitrarily and

ORDER – 9

capriciously in its ultimate determination that Mr. Rijal was not an alien of extraordinary ability.

## C.  Mr. Rijal Suffered No Prejudice From USCIS's Errors.

It is not enough to demonstrate errors in an agency's decision, the petitioner must also establish that the errors prejudiced him. *Kazarian*, 596 F.3d at 1119, 1122. The court can overlook errors only when they "*clearly* had *no bearing* on the procedure used or the substance of the decision reached." *Id.* at 1119 (quoting *Gifford Pinchot Task Force v. United States Fish & Wildlife Serv.*, 378 F.3d 1059, 1071 (9th Cir. 2004)) (emphasis in *Gifford Pinchot*).

Although USCIS erred in some of its conclusions as to Mr. Rijal's showing on the threshold evidentiary criteria, it is apparent that it made those errors with an eye toward the ultimate merits determination. In each instance, USCIS sought evidence that demonstrated sustained acclaim. There is no threshold requirement that the evidence demonstrate that acclaim, but ultimately, USCIS must determine whether the evidence demonstrates "sustained national or international acclaim." 8 U.S.C. § 204.5(h)(3); *see also Kazarian*, 596 F.3d at 1121 (noting that evidence submitted to meet threshold criteria must support a "final merits determination" that the "petitioner is at the very top of his or her field of endeavor"). USCIS concluded that Mr. Rijal's evidence demonstrated distinction, but not sustained acclaim sufficient to demonstrate "extraordinary ability." Its May 2009 decision makes clear that this conclusion is not the result of its erroneous determination about Mr. Rijal's threshold evidentiary showings, but rather a holistic determination about whether Mr. Rijal's evidence, taken as a whole, sufficed:

> Review of the record . . . does not establish that the petitioner has distinguished himself as a television director and producer to such an extent that he may be said to have achieved sustained national or international acclaim or to be within the small percentage at the very top of his field. The evidence indicates that the petitioner has obtained a measureable level

ORDER – 10

> of success in his field, but is not persuasive that the petitioner's achievements set him significantly above almost all others in his field. Therefore, the petitioner has not established eligibility pursuant to section 203(b)(1)(A) of the Act and the petition may not be approved.

May 2009 Dec. at 11.  In reaching this conclusion, USCIS explicitly considered all of the evidence Mr. Rijal offered, despite its erroneous conclusions that some of that evidence did not satisfy threshold evidentiary criteria.  In the course of reviewing each evidentiary criterion, USCIS articulated rational reasons that Mr. Rijal's evidence did not demonstrate "extraordinary ability."  It finished that review with the conclusion that the evidence, taken together, did not satisfy the standard.  The decision was not arbitrary or capricious.

In light of these conclusions, the court is convinced that a remand to force USCIS to rectify its evidentiary errors would be of no substantive or procedural benefit to Mr. Rijal.  Rectifying the errors would result in different determinations as to Mr. Rijal's satisfaction of his threshold evidentiary burden.  That would provide Mr. Rijal with little more than a revised decision reaching the same conclusion.

**D.     USCIS Did Not Err In Its March 2010 Denial of Mr. Rijal's Motions To Reopen and Reconsider.**

Mr. Rijal submitted a variety of evidence after USCIS's May 2009 decision in support of a motion to reopen his petition or reconsider the decision.  USCIS denied the motion, because it observed that none of the evidence was "new."  AR 19 (citing 8 C.F.R. § 103.5(a)(2)).  The court concurs.  The evidence that Mr. Rijal provided bolstered the evidence he had already submitted.  None of it revealed "new" facts.  All of it was evidence that Mr. Rijal could have provided in support of his original petition or appeal.

The court observes, moreover, that there is no indication that the evidence Mr. Rijal submitted would have made a difference, even had he timely submitted it.  The "new" evidence strongly resembles the old evidence.  It establishes that Mr. Rijal has had a long and distinguished career.  It does not, however, compel the conclusion that USCIS

ORDER – 11

acted arbitrarily or capriciously in concluding that he was not an alien of "extraordinary ability."

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS USCIS's motion for summary judgment (Dkt. # 18) and DENIES Mr. Rijal's motion (Dkt. # 17).  The court directs the clerk to enter judgment for USCIS.

DATED this 22nd day of February, 2011.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 12